NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 17-5869

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 30, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHERI ANN HUTSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| FEDERAL EXPRESS CORPORATION, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: BATCHELDER, McKEAGUE, and GRIFFIN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge.  Cheri Ann Hutson sued her employer, Federal Express Corp. ("FedEx"), claiming she was not selected for a promotion due to gender discrimination.  The case went to trial but Hutson could not persuade the jury, which ruled for FedEx.  Hutson moved for a new trial, claiming that the judge improperly excluded certain evidence.  The district court denied the motion and Hutson appeals.  Her appeal is baseless.

Eight people applied for the promotion Hutson sought—Hutson and seven men.  A pre-screen grid, part of FedEx's internal selection system for promoting senior managers, eliminated three of the men from the interview process; Hutson (the only woman) was selected for an interview, at least in part because of FedEx's affirmative-action policy.  A panel of two women and one man interviewed the five remaining applicants, Hutson and four men.  But the panel rejected Hutson as well as at least one man who scored higher than she did on the interview, and selected a man who scored higher than both.  Hutson's theory is that the interview process and scoring were a pretext for gender discrimination (that is, the result of the process and scoring had no basis in fact or was not the actual reason for her failing to get the promotion).  To support her

theory, Hutson relies on her claim that Ronda Doyle's testimony would have proven that the results: (1) were untrue, by proving that the sole man on the interview panel, Paul Tronsor, used his influence to overwhelm the process; and (2) were not the real reason, which was Tronsor's sexism and misogyny. But Doyle's testimony does not actually show that Tronsor had or wielded this alleged influence: Doyle's testimony related only to influence that Tronsor allegedly exercised over her previously in her status as Tronsor's subordinate. Here, Tronsor was a member of a panel of interviewers, neither of the other two was Tronsor's subordinate, and Doyle was not a panel member. Moreover, Doyle's testimony provides no evidence of sexism or misogyny. Tronsor's alleged comment—made at a different time and relevant to a different position—about a different female employee's being "cute," even if true (and even if it's not the joke or offhanded remark that it would certainly appear to be), is not proof of sexism or misogyny, as Hutson alleges. It is not even necessarily gender based, nor is it even discriminatory under federal law.

Finally, Hutson claims that the court erred by excluding evidence of the number and ratio of women serving in FedEx's Global Operations Control department, the department in which the senior management position she sought was housed. But the court admitted the affirmative-action records pertinent to that position while excluding only the records that were irrelevant or misleading. In so doing, the court acted correctly and well within its discretion.

After carefully reviewing the record, the law, and the parties' briefs and arguments on appeal, we conclude that the district court correctly set out the applicable law and correctly applied that law to the facts before it. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.